UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

| | |
|---|---|
| FEDERAL TRADE COMMISSION,<br><br>                              Plaintiff,<br><br>- vs -<br><br>No. 1025798 ONTARIO, INC., et al.,<br><br>                              Defendants<br><br><br>- vs -<br><br>DAVID VARLEY,<br>LAURENCE ANTHONY WHITE,<br>GARY RICHARD BUSH,<br>KINGSTOWN ASSOCIATES LIMITED and BVW<br>ASSOCIATES, INC. d/b/a Beauty Visions Worldwide<br>and Slimshop; HEARST COMMUNICATIONS, INC.<br>d/b/a Cosmopolitan Magazine,<br>THE PLAIN DEALER PUBLISHING COMPANY<br>d/b/a The [Cleveland] Plain Dealer,<br>KNIGHT-RIDDER INC., d/b/a Contra Costa Times<br>and d/b/a The Myrtle Beach Sun News,<br>THE NEWS CORPORATION LIMITED<br>d/b/a Smart Source,<br>COX ENTERPRISES INC. d/b/a<br>The Atlanta Constitution-Journal,<br>CLIPPER MAGAZINE INC. d/b/a Clipper Magazine,<br>and DORI KLEIN & ASSOCIATES, INC., a/k/a<br>DK & Associates, Inc.,<br><br>              Cross-claim and Counterclaim Defendants. | **ANSWER TO "CROSS-CLAIM AND COUNTERCLAIM" BROUGHT BY THE FULFILLMENT SOLUTIONS ADVANTAGE, INC., et al.**<br><br>Civil Action No.:<br>03-CV-0910 A(Sc) |

Hearst Communications, Inc., Plain Dealer Publishing Co., Knight-Ridder Inc., News America Marketing FSI, Inc. improperly sued as The News Corporation Limited, Cox Enterprises, Inc., and Clipper Magazine, an unincorporated division of Gannett Satellite

B64592.1

Information Network, Inc., improperly sued as Clipper Magazine, Inc. ("Clipper Magazine"), all improperly designated as "Cross-Claim and Counterclaim Defendants", answer, by their attorneys Nixon Peabody LLP, the Cross-claim and Counterclaim filed by the defendants The Fulfillment Solutions Advantage, Inc., INT Access, Inc. d/b/a International Access, Robert van Velzen and Nancy Sprague.

The above named "Cross-claim and Counterclaim defendants" answer the allegations set forth in paragraphs 21-49 of the Defendants' Answer designated as a "Cross-claim and Ninth Defense" as follows:

1.  Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraphs 21(a) and 21(b).

2.  Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 22.

3.  Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 23.

4.  Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 24.

5.  Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 25 except deny the allegations contained in the second through fourth sentences thereof.

6.  Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 26.

7.  Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 27.

8. Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 28.

9. Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 29.

10. Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 30.

11. Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 31.

12. Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 32.

13. Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 33.

14. Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 34.

15. Deny knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 35 that relate to the claims made by the FTC or the Declaration of Katherine Zownir, admit that Hearst Communications, Inc. is a corporation incorporated under the laws of the State of Delaware, does business in New York, has its principal place of business at the address alleged, and that Cosmopolitan is a trade name under which it does business, but deny that Hearst Communications, Inc. is a proper party to this action pursuant to Rule 13(h) of the Federal Rules of Civil Procedure.

16. Deny the allegations contained in paragraph 36.

17. Deny knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 37 that relate to the claims made by the FTC or the Declaration of Katherine Zownir, admit that Plain Dealer Publishing Co. is a corporation incorporated under the laws of the State of Ohio with its principal place of business at the address alleged, and that The Plain Dealer is a trade name under which Plain Dealer Publishing Co. does business, and further deny that Plain Dealer Publishing Co. is a proper party to this action pursuant to Rule 13(h) of the Federal Rules of Civil Procedure.

18. Deny the allegations contained in paragraph 38.

19. Deny knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 39 that relate to the claims made by the FTC or the Declaration of Katherine Zownir, deny that The Contra Costa [CA] Times and the Myrtle Beach Sun News are trade names under which Knight-Ridder, Inc. does business, admit that Knight-Ridder, Inc. is a corporation incorporated under the laws of the State of Florida with its principal place of business at the address alleged, but deny that the advertising offices alleged for Contra Costa [CA] Times and Myrtle Beach Sun News are addresses belonging to Knight-Ridder Inc. and further deny that Knight-Ridder Inc. is a proper party to this action pursuant to Rule 13(h) of the Federal Rules of Civil Procedure.

20. Deny the allegations contained in paragraph 40.

21. Deny knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 41 that relate to the claims made by the FTC or the Declaration of Katherine Zownir, deny that Smart Source is a trade name under which News America Marketing FSI, Inc., improperly sued as The News Corporation Limited, does business, admit that The News Corporation Limited is a corporation incorporated under the laws of South

Australia with its principal place of business at the address alleged, but deny that The News Corporation Limited has an advertising office at 1211 Avenue of the Americas, New York, New York  10036 and further deny that News America Marketing FSI, Inc., improperly sued as The News Corporation Limited, is a proper party to this action pursuant to Rule 13(h) of the Federal Rules of Civil Procedure.

      22.      Deny the allegations contained in paragraph 42.

      23.      Deny knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 43 that relate to the claims made by the FTC or the Declaration of Katherine Zownir, deny that The Atlanta Journal-Constitution is a trade name under which Cox Enterprises, Inc. does business, admit that Cox Enterprises, Inc. is a corporation incorporated under the laws of the State of Delaware but deny that its principal place of business is at the address alleged, and further deny that Cox Enterprises, Inc. is a proper party to this action pursuant to Rule 13(h) of the Federal Rules of Civil Procedure.

      24.      Deny the allegations contained in paragraph 44.

      25.      Deny knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 45 that relate to the claims made by the FTC or the Declaration of Katherine Zownir, deny that Clipper Magazine is a trade name under which Clipper Magazine, Inc. does business, deny that Clipper Magazine, Inc. is a corporation incorporated under the laws of the Commonwealth of Pennsylvania, but admit that Clipper Magazine has an advertising office at 3708 Hempland Road, Mountville, Pennsylvania  17554 and further deny that Clipper Magazine is a proper party to this action pursuant to Rule 13(h) of the Federal Rules of Civil Procedure.

      26.      Deny the allegations contained in paragraph 46.

Case 1:03-cv-00910-RJA-HBS   Document 34   Filed 02/09/04   Page 6 of 10

- 6 -

27. Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 47.

28. Deny the allegations contained in paragraph 48 to the extent they relate to these answering parties and otherwise deny knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained therein.

29. Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 49.

The above named "Cross-claim and Counterclaim defendants" answer the allegations set forth in paragraphs 50-53 of the Defendants' Answer designated as a "Counterclaim" as follows:

30. Deny the allegations of paragraph 50 to the extent they relate to these answering parties and otherwise deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth therein.

31. Deny the allegations contained in paragraphs 51 and 51(a)-(d) to the extent they relate to these answering parties and otherwise deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth therein.

32. In response to paragraph 52, repeat and restate each and every response previously made herein to the allegations contained in paragraphs 21 through 49 of the Answer with Cross-claim and Counterclaim as though fully set forth herein, and deny that the additional Cross claim/counterclaim Defendants are proper parties pursuant to Rule 13(h) of the Federal Rules of Civil Procedure.

33. Deny that this Court has jurisdiction over these "Cross-claim/counterclaim Defendants" or that the issues alleged in paragraph 53 are properly before the Court.

B64592.1

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

34. The purported "Cross-claim" and "Counterclaim" must be dismissed as procedurally defective and failing to satisfy the requirements of Rules 13, 14, 19 and 20 of the Federal Rules of Civil Procedure.

### SECOND AFFIRMATIVE DEFENSE

35. The claims against the "Cross-claim and Counterclaim Defendants" must be dismissed and these answering parties must be dismissed from this action because they are improperly joined parties pursuant to Rule 21 of the Federal Rules of Civil Procedure.

### THIRD AFFIRMATIVE DEFENSE

36. This Court lacks personal jurisdiction over these answering Defendants and subject matter jurisdiction over the claims asserted in the "Cross-claim" and "Counterclaim".

### FOURTH AFFIRMATIVE DEFENSE

37. The claims designated as "Cross-claim" and "Counterclaim" fail to state claims upon which relief may be granted against these answering parties.

### FIFTH AFFIRMATIVE DEFENSE

38. The injuries, damages and/or statutory violations alleged in the underlying Complaint and in the Answer with Cross-claim and Counterclaim were caused, in whole or in part, by entities over whom these answering parties had no control or authority.

## SIXTH AFFIRMATIVE DEFENSE

39.     Any relief granted pursuant to the claims asserted in the Answer with Cross-claim and Counterclaim would violate the First Amendment to the United States Constitution.

**WHEREFORE**, Hearst Communications, Inc., Plain Dealer Publishing Co., Knight-Ridder Inc., News America Marketing FSI, Inc., improperly sued as The News Corporation Limited, Cox Enterprises, Inc., and Clipper Magazine, an unincorporated division of Gannett Satellite Information Network, Inc., improperly sued as Clipper Magazine, Inc. ("Clipper Magazine") respectfully demand judgment:

1.      Dismissing the Claims against them in the Answer with Cross-claim and Counterclaim, together with attorneys' fees, costs and disbursements thereof;

2.      For such other, further and different relief as may be just and proper together with the costs and disbursements of this action.

Dated:      Buffalo, New York
            February 7, 2004

                                NIXON PEABODY LLP


                                By: /s/ Susan C. Roney
                                    Susan C. Roney, Esq.
                                    Robert Bernius, Esq.
                                Attorneys for Cross-claim & Counterclaim
                                Defendants Hearst Communications, Inc., Plain
                                Dealer Publishing Co., Knight-Ridder Inc., News
                                America Marketing FSI, Inc. improperly sued as
                                The News Corporation Limited, Cox Enterprises,
                                Inc., and Clipper Magazine, an unincorporated
                                division of Gannett Satellite Information Network,
                                Inc., improperly sued as Clipper Magazine, Inc.
                                1600 Main Place Tower
                                Buffalo, New York 14202
                                Telephone: (716) 853-8100
                                Email: sroney@nixonpeabody.com

B64592.1

- 9 -

TO:     FORD MARRIN ESPOSITO WITMEYER
            & GLESER, LLP
           John J. Witmeyer III, Esq.
           David A. Beke, Esq.
           Attorneys for Defendants/Cross-claim and Counterclaim Plaintiffs
           Wall Street Plaza
           New York, New York  10005-1875
           (212) 269-4900

CC:     Dean C. Forbes, Esq.
           David K. Koehler, Esq.
           Attorneys for Federal Trade Commission
           Bureau of Consumer Protection
           Division of Advertising Practices
           601 New Jersey Ave., N.W., NJ-3212
           Washington, D.C. 20001
           (202) 326-2831

- 9 -

B64592.1

- 10 -

## CERTIFICATE OF SERVICE

The undersigned attorney hereby certifies that on February 9, 2004, I caused a copy of the foregoing **ANSWER TO CROSS-CLAIM AND COUNTERCLAIM BROUGHT BY THE FULFILLMENT SOLUTIONS ADVANTAGE, INC., et al.** to be served upon the following by mailing same in a properly stamped envelope, addressed as set forth below:

TO:    FORD MARRIN ESPOSITO WITMEYER
        & GLESER, LLP
        John J. Witmeyer III, Esq.
        David A. Beke, Esq.
        Attorneys for Defendants/Cross-claim and Counterclaim Plaintiffs
        Wall Street Plaza
        New York, New York  10005-1875
        (212) 269-4900

CC:    Dean C. Forbes, Esq.
        David K. Koehler, Esq.
        Attorneys for Federal Trade Commission
        Bureau of Consumer Protection
        Division of Advertising Practices
        601 New Jersey Ave., N.W., NJ-3212
        Washington, D.C. 20001
        (202) 326-2831

                                    NIXON PEABODY LLP

                                    By:  /s/  Susan C. Roney
                                         Susan C. Roney, Esq.
                                         Robert Bernius, Esq.
                                Attorneys for Cross-claim and Counterclaim
                                Defendants Hearst Communications, Inc., Plain Dealer
                                Publishing Co., Knight-Ridder Inc., News America
                                Marketing FSI, Inc. improperly sued as The News
                                Corporation Limited, Cox Enterprises, Inc., and Clipper
                                Magazine, an unincorporated division of Gannett
                                Satellite Information Network, Inc., improperly sued as
                                Clipper Magazine, Inc.
                                1600 Main Place Tower
                                Buffalo, New York  14202
                                (716) 853-8100
                                Email:  sroney@nixonpeabody.com

B64592.1